UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| SPENCER POTTER § | | |
| Bastrop County #43833 § | | |
| § | | |
| V. § | | A-22-CV-309-RP-SH |
| § | | |
| BASTROP COUNTY SHERIFF'S § | | |
| DEPARTMENT § | | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE ROBERT PITMAN
      UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules. Before the Court is Plaintiff Spencer Potter's civil rights complaint. Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

I.  STATEMENT OF THE CASE

At the time he filed his complaint, Potter was a pretrial detainee in the Bastrop County Jail. Potter alleges he slipped and fell on a freshly mopped floor at the Bastrop County Jail on February 3, 2022, after being told to hurry up and provided no warning of the wet floor. Potter asserts he was taken to an emergency room where he received CAT scans of his head and neck but no x-rays of his back. Potter alleges dozens of times inmates are required to walk on the same wet floor, told to hurry up, and not provided warnings. Potter contends this is done on purpose. Potter states he is not claiming negligence and instead is claiming an "intentional disregard for safety."

1

Potter sues the Bastrop County Sheriff's Department. He seeks a requirement that wet floor signs be displayed, compensatory damages, punitive damages, and permission to see a doctor of his choice.

## II.  DISCUSSION AND ANALYSIS

### A.  Standard under 28 U.S.C. § 1915(e)

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from suit. A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986). When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations liberally. *See Haines v. Kerner*, 404 U.S. 519 (1972). However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

### B.  Entities Not Capable of Being Sued

The Bastrop County Sheriff's Department is not a legal entity capable of being sued. *See Guidry v. Jefferson County Detention Center*, 868 F. Supp. 189, 191 (E.D. Tex. 1994) (holding Jefferson County Detention Center is not a legal entity subject to suit); *Darby v. Pasadena Police Dep't*, 939 F.2d 311 (5th Cir. 1991) (holding police and sheriff's departments are governmental subdivisions without capacity for independent legal action). Therefore, Potter's claims against the Bastrop County Sheriff's Department should be dismissed.

C.  Negligence

Normally, a pro se litigant should be given the opportunity to file an amended complaint before dismissal. However, even if Potter amends his complaint to name an appropriate defendant, he still fails to state a claim.

Jail officials have a duty to protect pretrial detainees from harm under the Due Process Clause of the Fourteenth Amendment to the same degree that convicted prisoners are protected by the Eighth Amendment. *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 650 (5th Cir. 1996) (*en banc*) ("[T]he State owes the same duty under the Due Process Clause and the Eighth Amendment to provide both pretrial detainees and convicted inmates with basic human needs, including medical care and protection from harm, during their confinement."). To state a claim in this context a plaintiff is required to establish that the defendant "acted or failed to act with deliberate indifference to the detainee's needs." *Shepherd v. Dallas County*, 591 F.3d 445, 452 (5th Cir. 2009) (quoting *Hare*, 74 F.3d at 648).

Deliberate indifference is an "extremely high" standard to meet. *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). Deliberate indifference cannot be inferred merely from a negligent or even grossly negligent response to a substantial risk of serious harm. *Torres v. Livingston*, 972 F.3d 660, 663 (5th Cir. 2020). An official acts with deliberate indifference "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994).

Plaintiff's allegations describe a routine slip-and-fall accident. Even where jailors unreasonably or negligently maintain conditions that lead to a fall, that does not constitute deliberate indifference. *See Atkins v. Sheriff's Jail Avoyelles Par.*, 278 F. App'x 438, 439 (5th Cir.

2008) (officials' failure to repair leaks that caused puddles and led to inmate's fall amounted only to "unreasonableness or negligence, neither of which establishes" a constitutional violation). At most, Potter has alleged a negligence claim that does not amount to a constitutional violation.

### III. CONCLUSION

The Bastrop County Sheriff's Department is not an entity capable of being sued. Even if Potter amends his complaint to name an appropriate defendant, Potter fails to state a constitutional claim. At most, Potter states a claim for negligence.

### IV. RECOMMENDATION

It is therefore recommended that Potter's complaint be DISMISSED WITH PREJUDICE for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e).

It is further recommended that Potter be warned that if he files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

If this Report and Recommendation is accepted, adopted, or approved, it is recommended that the Court direct the Clerk to e-mail a copy of its order and judgment to the keeper of the three-strikes list.

### V. OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained within this Report within

fourteen (14) days after being served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations and, except on grounds of plain error, shall bar the party from appellate review of proposed factual findings and legal conclusions accepted by the District Court to which no objections were filed. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on April 8, 2022.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE